**Hugh BURNETT, Plaintiff-Appellant,**

v.

**Stanley McNABB et al.,**
**Defendants-Appellees.**

**No. 77–1121.**

United States Court of Appeals,
Sixth Circuit.

Submitted Oct. 18, 1977.

Decided Nov. 4, 1977.

Scott Daniel, Daniel & Burton, Murfreesboro, Tenn., for plaintiff-appellant.

Aubrey B. Harwell, Jr., Neal & Harwell, Jon D. Ross, Nashville, Tenn., for defendants-appellees.

Before PHILLIPS, Chief Judge, LIVELY, Circuit Judge, and DUNCAN, District Judge.*

PER CURIAM.

Hugh Burnett, the appellant, filed this suit against the members of the County Beer Board of Rutherford County, Tennessee, seeking compensatory and punitive damages for their action in granting a beer license upon the condition, among others, that Burnett not be employed to work on the licensed premises. Jurisdiction was asserted under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343 (1970). Pendent jurisdiction was claimed under T.C.A. § 47–15–113 (1964).[1]

District Judge L. Clure Morton heard the case on a stipulation of facts and dismissed the action. The appeal was submitted on briefs by joint motion of the parties. We affirm.

The controversy grows out of the action of the appellees as members of the County Beer Board with respect to the license for a beer and pizza restaurant in Murfreesboro, Tennessee, known as Ricks Pizza and Steak House. In February 1974, appellant Burnett became manager and operator of the restaurant under a lease arrangement with the owner, Haynes. Initially Burnett continued to operate under the beer license of the former owner, Jones. On March 12, 1974, the Rutherford County Beer Board conducted a public hearing concerning the operation of the restaurant. Numerous complaints were made about excessive noise, boistrous conduct, litter and traffic on and near the premises. In response to a show cause order issued by the Beer Board, the former owner, Jones, surrendered his license.

Burnett applied for a beer license under his own name, proposing to change the name of the establishment to Burnett's Res-

---

* Honorable Robert M. Duncan, Judge of the United States District Court for the Southern District of Ohio, sitting by designation.

1. 47–15–113. Procurement of breach of contracts unlawful—Treble damages.—It shall be unlawful for any person, by inducement, persuasion, misrepresentation, or other means, to induce or procure the breach or violation, refusal or failure to perform any lawful contract by any party thereto; and, in every case where a breach or violation of such contract is so procured, the person so procuring or inducing the same shall be liable in treble the amount of damages resulting from or incident to the breach of said contract; and the party injured by such breach may bring his suit for said breach and for such damages [Acts 1907, ch. 154, § 1; Shan., § 3193a8; mod. Code 1932, § 7811; T.C.A. (orig. ed.), § 47–1706.]

taurant. A number of citizens appeared at the Board's public hearing on April 16, 1974, in opposition to the granting of the license to Burnett, testifying that the problems of excessive noise, boistrous conduct and litter at the restaurant started about the time Burnett became manager. The Beer Board denied Burnett's application. Burnett did not seek judicial review as provided by T.C.A. § 57–209 (Supp.1976).

Haynes, the owner of the premises, then applied for a beer license in his own name under an arrangement whereby Burnett would be assistant manager of the restaurant. Again a group of citizens appeared before the Board at a public hearing in opposition, supported by a petition bearing some sixty signatures. At this meeting a member of the Board told Haynes that he could obtain a beer license by taking certain prescribed steps to control noise and traffic and by not permitting Burnett to work on the premises. A beer license was issued to Haynes after he had made the prescribed improvements and agreed not to employ Burnett at the restaurant.

Burnett contends that the action of the Board violated his civil rights.

The district court ruled that the Beer Board had a quasi-judicial function to determine whether Burnett and his establishment met the statutory standards required by T.C.A. § 57–205 (Supp.1976). Evidence was heard by the Board that, after Burnett became associated with the restaurant, there were traffic problems on adjacent roads, drunk patrons who left the premises screaming and shouting, loud music and beer bottles and debris strewn onto neighbors' yards. It was stipulated that Burnett had been convicted of drunken driving, selling beer after hours, and allowing minors on premises where beer was sold. It also was stipulated that appellees voted against Burnett's application (and in favor of Haynes' application after he had agreed not to employ Burnett) because they believed that operation by Burnett would interfere with the public health, safety and morals, one of the grounds specified by T.C.A.

§ 57–205 for rejecting an application for a beer license.

The district court specifically found that the actions of the appellees were performed in good faith in the exercise of their quasi-judicial duties as public officials; that appellees had no malice towards Burnett; that Burnett was given notice and a fair hearing and that the Board observed the standards of due process; and that there were valid, independent reasons supporting the actions of the Board.

■ The district court concluded that, since the appellees acted in good faith in performing their duties as public officials, they are immune from suit under the facts of this case. We hold this conclusion to be correct. *Wood v. Strickland*, 420 U.S. 308, 322, 95 S.Ct. 922, 43 L.Ed.2d 214 (1975); *Wolfel v. Sanborn*, 555 F.2d 583 (6th Cir. 1977); *Nelson v. Fox*, 256 F.2d 312 (6th Cir. 1958).

■ The district court did not find it necessary to pass upon the issue of jurisdiction. Although we affirm on the grounds set forth above, we hold that there was no pendent federal jurisdiction under T.C.A. § 47–15–113.[2] Transfer of jurisdiction to the federal courts cannot be accomplished by the procedural device of filing an unsubstantial action under 42 U.S.C. § 1983, coupled with a prayer for the exercise of pendent jurisdiction. *Bates v. Dause*, 502 F.2d 865, 867 (6th Cir. 1974). This is "yet another effort to make a federal question out of litigation where exclusive jurisdiction is in the State Courts." *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 676 (6th Cir. 1976), *cert. denied*, 430 U.S. 946, 97 S.Ct. 1583, 51 L.Ed.2d 794 (1977).

Affirmed.

2. *Supra*, note 1.