**George G. HILL, Plaintiff,**

v.

**Parker FORD, Jr., et al., Defendants.**

**No. CIV-2-77-168.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Feb. 22, 1978.

D. Bruce Shine, Ferguson & Shine, Kingsport, Tenn., for plaintiff.

Edward F. Hurd, Newport, Tenn., and John F. Dugger, Bacon, Dugger & Jessee, Morristown, Tenn., for defendants.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

A magistrate of this district recommended that this action be dismissed for the

failure of the plaintiff to state a claim on which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. The Court determines de novo the timely objection thereto of the plaintiff. 28 U.S.C. § 636(b)(1).

It is true, as the plaintiff observes, that this action should not be dismissed at the pleading stage, unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which he could prove at trial in support of his claim. *Conley v. Gibson* (1957), 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80, 84 (headnote 4). It is likewise true, as he likewise observes, that his allegations must be construed favorably to him. *Scheuer v. Rhodes* (1974), 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90, 96[3]. But, where a complaint of this nature fails to state a claim cognizable under the civil rights statutes, it should be dismissed. *Estelle v. Gamble* (1976), 429 U.S. 97, 105–107, 97 S.Ct. 285, 291–292, 50 L.Ed.2d 251, 261–262[13a]. Based upon all those criteria, this Court is of the firm opinion that this is a proper action for pretrial dismissal for the lack of such a cognizable claim.

The plaintiff Mr. Hill is a road contractor; each of the defendants is a road commissioner of Cocke County, Tennessee. Mr. Hill claims that the defendants violated his federal civil rights by letting a road-construction contract in a manner contrary to the notice requirements for bidding thereon of a private act of the Tennessee General Assembly. He claims that such legislative enactment required the defendants to advertise publicly for bids for 10 or more days before letting such contract; that they advertised bids for the contract in question for only 7 days; that he submitted his bid therefor within 10 days after such notice; that his bid was rejected as untimely; and that the resulting contract was awarded to another bidder.

The plaintiff claims such conduct deprived him, as a person within the jurisdiction of the United States of his right to make contracts, 42 U.S.C. § 1981, and that the defendants, under color of Tennessee law, caused him to be subjected to the deprivation of the right to due process of law secured to him by the Constitution, Fourteenth Amendment, 42 U.S.C. § 1983, as well as his rights under the Constitution, First Amendment and Fifth Amendment. He asserted jurisdiction of his claim in this Court under the provisions of 28 U.S.C. § 1343 as well as under the provisions of 42 U.S.C. §§ 1981, 1983.

The plaintiff advances no facts to support his claim that his freedom of religion, of speech, to assemble, or to petition the Government for a redress of his grievances, have been impaired by the defendants. He alleges no facts to support his claim that he has been deprived by the defendants of his right to indictment by a grand jury, against self-incrimination or being placed in double jeopardy, of his right to just compensation for property taken for public use, or of federal due process. Thus, there is nothing supportive of his claim of a violation of the Constitution, First and Fifth Amendments. Neither does the plaintiff charge racial discrimination against him in support of his claim for relief under the provisions of 42 U.S.C. § 1981. See *Tillman v. Wheaton-Haven Rec. Asso.* (1973), 410 U.S. 431, 439–440, 93 S.Ct. 1090, 1094–1095, 35 L.Ed.2d 403, 410–411[6].

Neither the provisions of 42 U.S.C. § 1983, see *Hague v. Committee for Industrial Organization* (1939), 307 U.S. 496, 508, 59 S.Ct. 954, 960, 83 L.Ed. 1423, 1433 (headnote 5), nor those of 42 U.S.C. § 1981 grant jurisdiction to federal district courts. Thus, the jurisdiction of this Court herein is dependent upon the provisions of 28 U.S.C. § 1343(3), see *York v. Story*, C.A. 9th (1963), 324 F.2d 450, 452, 453, certiorari denied (1964), 376 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659; and, if at all, the plaintiff stated a claim upon which relief can be granted only under the provisions of 42 U.S.C. § 1983; *Bell v. Hood* (1946), 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939, 943 (headnote 2).

■ The Court will assume, for the purposes of the instant motion, that Mr Hill will be able to prove at trial that he is a

citizen of the United States; that each defendant was acting at the pertinent times under color of Tennessee law; that the defendants were required to advertise publicly for bids on public contracts for 10 or more days; that the defendants advertised publicly for bids in the instance under consideration for only 7 days; that he (Mr. Hill) submitted his bid thereon 10 or less days from the date of the public notice for bids; that such bid was rejected by the defendants as untimely; that the resulting contract was awarded to a bidder other than Mr. Hill; and that Mr. Hill was damaged by such conduct of the defendants. All this proof would not render the defendants liable to Mr. Hill herein under the provisions of 42 U.S.C. § 1983.

That section provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." *Idem.* " * * * The plain words of the statute impose liability * * * only for conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws. * * " *Rizzo v. Goode* (1976), 423 U.S. 362, 370, 371, 96 S.Ct. 598, 604, 46 L.Ed.2d 561, 569.

■ It is arguable that Mr. Hill might, with the above proof, show that he was deprived by the defendants of due process of Tennessee law; but, due process of Tennessee law, in so far as it is not identical with federal due process, is not secured to the plaintiff Mr. Hill by the federal Constitution or laws. *Cf. United States v. O'Dell*, C.A. 6th (1972), 462 F.2d 224, 229[3]. In other words, due process of Tennessee law is not per se federal due process of law, and as Mr. Hill failed to show a violation of federal due process, his effort would fall short of showing that the defendants deprived him of any right secured to him by the Constitution and laws.

■ Mr. Hill contends that, as he can show a violation of state due process under a Tennessee legislative enactment, this Court may entertain his claim under its pendent jurisdiction. The problem with this postulate is that there is no federal claim supporting from above Mr. Hill's state claim. See Webster's Third New International Dictionary (1961), at p. 1669. Rather, the *single* unparalleled claim of Mr. Hill is that the defendants violated the process due him under the aforementioned private state law and, in so doing, violated also his federal right to due process of law.

*United Mine Workers v. Gibbs* (1966), 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218, relied on primarily by the plaintiff, makes it clear that state claims are appropriate for determination in a federal court only " * * * if they form a separate but *parallel* ground for relief *also* sought in a substantial claim based on federal law. [Emphasis supplied.] * * * " 383 U.S. at 722, 86 S.Ct. at 1136, 16 L.Ed.2d at 225–226 (headnote 1). In other words, the state claim must be pendent from the federal claim. " * * * Transfer of jurisdiction to the federal courts cannot be accomplished by the procedural device of filing an unsubstantial action under 42 U.S.C. § 1983, coupled with a prayer for the exercise of pendent jurisdiction. * * * " *Burnett v. McNabb*, C.A. 6th (1977), 565 F.2d 398, 400[2].

Under the plaintiff's urging, any claim of deprivation of due process afforded by a state statute could be translated into a federal case by the simple expedient of adding the claim that such deprivation violated the plaintiff's federal civil rights. This would not constitute the *parallel* ground for relief *also* sought by a plaintiff in a *separate* ground, as contemplated in *Gibbs* by the Supreme Court, which has admonished that there can be no " * * * wholesale importation into federal law of state causes of action—not even one purportedly designed for the protection of federal civil rights. * * * " *Moor v. County of Alameda* (1973), 411 U.S. 693, 703–704, 93 S.Ct. 1785, 1793, 36 L.Ed.2d 596, 606[10].

Furthermore, there is no showing by the plaintiff that he has been given a cause of action by Tennessee law to collect damages and attorneys' fees from the road commissioners of Cocke County, Tennessee or be given injunctive relief for the latter's failure to comply with the notice requirements of the foregoing private act. " * * * Pendent jurisdiction permits a federal court under some circumstances to determine a state cause of action which otherwise would have to be heard in the state court. * * * But, if the state court would be without authority to award damages under the state law, then the doctrine of pendent jurisdiction can give 'the District Court * * * no greater power to do so.' * * *" *Teamsters Local 20 v. Morton* (1964), 377 U.S. 252, 257, 84 S.Ct. 1253, 1257, 12 L.Ed.2d 280, 284 (headnote 2).

It thus appearing that, even if the plaintiff proved all the facts he alleges in his complaint, such would not amount to proof that he has been deprived by the defendants of his right to federal due process of law, the magistrate's recommendation was correct; the recommendation of the magistrate hereby is ACCEPTED, 28 U.S.C. § 636(b)(1); and the complaint herein hereby is

DISMISSED because of its failure to state a claim on which relief can be granted.