Samuel Alexander ARMSTRONG, Sr., et al., Plaintiffs,

v.

TENNESSEE VALLEY AUTHORITY, et al., Defendants.

No. CIV-2-80-180.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 24, 1980.

On Motion to Reconsider Jan. 16, 1981.

On Second Motion to Reconsider
Feb. 3, 1981.

Robert M. Stivers, Jr., Knoxville, Tenn., for plaintiffs.

Herbert S. Sanger, Justin M. Schwamm, Robert E. Washburn, M. Elizabeth Culbreth, TVA, Knoxville, Tenn., for defendants Tennessee Valley Authority.

## MEMORANDUM OPINION AND ORDERS

NEESE, District Judge.

A magistrate of this district recommended that the motion of the defendant Hawkins County, Tennessee for a dismissal of this action for the failure of the plaintiffs to state a claim against it upon which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure, be denied. 28 U.S.C. § 636(b)(1)(B). Such defendant moved the Court for "a clarification" as to that recommendation, contending that the magistrate failed to consider its motion in so far as same related to the plaintiffs' "inverse condemnation" claim herein. The Court hereby TREATS such motion of the county as an objection to the recommendation of the magistrate filed pursuant to 28 U.S.C. § 636(b)(1).

What the movant refers to as an "inverse condemnation" claim apparently is contained in paragraph VI of the complaint. Therein, the plaintiffs allege that, by conveying or attempting to convey certain real property to the Tennessee Valley Authority, the defendant county deprived them " * * * of their rights secured by the laws of the State of Tennessee * * *" for which they seek relief herein " * * * under 42 U.S.C. 1983. * * *"

■ That the plaintiffs may have been deprived of a right secured by the laws of the state of Tennessee does not state a claim on which they might be granted any relief under the provisions of 42 U.S.C. § 1983. " * * * The plain words of the statute impose liability * * * only for conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws [of the United States]. * * * *" Rizzo v. Goode (1976), 423 U.S. 362, 370–371, 96 S.Ct. 598, 603–604, 46 L.Ed.2d 561, 569. Only deprivations of rights secured by the Constitution and laws of the United States are actionable under 42 U.S.C. § 1983. Ohio Inns, Inc. v. Nye, C.A. 6th (1976), 542 F.2d 673, 679[6], certiorari denied (1977), 430 U.S. 946, 97 S.Ct. 1583, 51 L.Ed.2d 794.

As to paragraph VI of the complaint herein, the motion of the defendant county hereby is GRANTED, and the claim of the plaintiffs, stated in that paragraph, hereby is DISMISSED for their failure to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. Otherwise, the recommendation of the magistrate hereby is ACCEPTED, 28 U.S.C. § 636(b)(1), and the motion of the defendant Hawkins County, Tennessee, for a dismissal further of this action for the failure of the plaintiffs to state a claim upon which relief can be granted, hereby is DENIED.

■ The remaining claims herein against the county are based on alleged violations of state law and are apparently asserted under this Court's pendent jurisdiction. Since the only federal claim against this defendant has now been dismissed, " * * * the state law claims are no longer pendent and must be dismissed likewise. * * *" Kurz v. State of Michigan, C.A. 6th (1977), 548 F.2d 172, 175[9]; see generally Aldinger v. Howard (1976), 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276.

" * * * Transfer of jurisdiction to the federal courts cannot be accomplished by the procedural device of filing an unsubstantial action under 42 U.S.C. § 1983, coupled with a prayer for the exercise of pendent jurisdiction. * * *" Burnett v. McNabb, C.A. 6th (1977), 565 F.2d 398, 400[2]. For the same reason, since no federal claims are asserted herein against the defendant Surgoinsville Utility District, the

Court has no power to exercise any pendent jurisdiction over any state claims against that defendant.

It results that, as to the defendants Hawkins County, Tennessee and Surgoinsville Utility District, this action hereby is DISMISSED *sua sponte* for lack of the Court's jurisdiction of the subject-matter. Rule 12(h)(3), Federal Rules of Civil Procedure.

### ON MOTION TO RECONSIDER .

In accordance with the Court's memorandum opinion and orders of the same date, judgment was entered herein on December 24, 1980, dismissing this action as to the defendants Hawkins County, Tennessee and Surgoinsville Utility District. The plaintiffs filed * a motion on January 9, 1981 asking the Court to reconsider and set aside such dismissals.

The plaintiffs were permitted " * * * 10 days for [their] motion for * * * reconsideration to be filed. * * * " *United States v. Stewart*, C.A. 6th (1980) (nos. 78–5319, 79–1533, decided and filed December 17, 1980). Rule 6(b), Federal Rules of Civil Procedure, " * * * prohibits enlargement of th[is] time period * * *," *Browder v. Director, Ill. Dept. of Corrections* (1978), 434 U.S. 257, 261, 98 S.Ct. 556, 559, 54 L.Ed.2d 521, 530, n. 5, and the Court cannot allow such time-limitation to be circumvented, *Hahn v. Becker*, C.A. 7th (1977), 551 F.2d 741, 745[2]. Because the motion of the plaintiffs was untimely, this Court lacks jurisdiction to reconsider or set aside its aforementioned judgment. *Browder v. Director, Ill. Dept. of Corrections, supra*, 434 U.S. at 263, 98 S.Ct. at 560, 54 L.Ed.2d at 530[3b], n. 7.

Being unable so to do, the Court does not consider the foregoing motion of the plaintiffs. Neither may the Court consider the postjudgment motion of the plaintiffs for leave to amend their complaint, since they have not been successful in having such judgment set-aside. *Roque v. City*

of Redlands, D.C.Cal. (1978), 79 F.R.D. 433, 436[4], citing 3 Moore's Federal Practice 959, ¶ 15.10 and 6 Wright & Miller, Federal Practice and Procedure: Civil 445, § 1489.

### ON SECOND MOTION TO RECONSIDER

This Court dismissed *sua sponte* the claims of the plaintiffs against the defendants Hawkins County, Tennessee and the Surgoinsville Utility District for lack of jurisdiction of the subject-matter. See judgment herein of December 24, 1980. The subsequent motion of the plaintiffs for a reconsideration thereof was not considered, because it was untimely and this Court lacked jurisdiction for such reason to vacate its judgment of December 24, 1980. See memorandum opinion of January 16, 1981 herein. Nonetheless, the plaintiffs filed yet another motion on January 26, 1981 "to reconsider" and for leave of the Court to amend its complaint.

" * * * Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court *shall* dismiss the action. [Emphasis supplied.]" Rule 12(h), (3), Federal Rules of Civil Procedure. To the extent indicated, *this action has been dismissed* on jurisdictional grounds. The repeated efforts of the plaintiffs, ignoring that ruling, for that reason are wholly frivolous and insubstantial, *Cf. McLucas v. DeChamplain* (1975), 421 U.S. 21, 32, 95 S.Ct. 1365, 1372, 43 L.Ed.2d 699, 710, and are not to be repeated in this Court. *Maness v. Meyers* (1975), 419 U.S. 449, 458–460, 95 S.Ct. 584, 590–592, 42 L.Ed.2d 574, 583–584[1–6].

---

* A copy of such motion was served on adversary counsel on January 8, 1981. *See* Rules 52(b),

59(e), Federal Rules of Civil Procedure.