**Arnold W. WEBSTER, et al., Plaintiffs,**

**v.**

**PACESETTER, INC. Defendant.**

**No. CIV.A. 01–0928(ESH).**

United States District Court,
District of Columbia.

July 1, 2003.

7. An Order consistent with the Court's ruling accompanies this Memorandum Opinion.

Herbert Vincent McKnight, Jr., Ashcraft & Gerel, Washington, DC, for Plaintiffs.

Paul Joseph Maloney, Carr Maloney P.C., Washington, DC, James A. Gale, Gregg Metzger, Derek V. Lewis, Michael J. Weber, Feldman, Gale & Weber, P.A., Miami, FL, for Defendant.

## MEMORANDUM OPINION

HUVELLE, District Judge.

On April 16, 2003, this Court granted defendant's motion for summary judgment in this products liability suit. This in turn spawned the three motions that are currently before the Court. First, on May 6, 2003, plaintiffs filed a motion for reconsideration pursuant to Fed.R.Civ.P. 59 and 60. Next, on May 20, 2003, defendant filed a motion to strike plaintiffs' motion for reconsideration as untimely. Finally, two days later, plaintiffs moved to withdraw their motion for reconsideration, conceding that it was filed untimely, and to obtain an extension of time to file a notice of appeal

pursuant to Fed. R.App. P. 4(a)(5).[1] The Court will grant plaintiffs' motion to withdraw their motion for reconsideration[2] and, for the reasons discussed below, deny their motion to obtain an extension to file a notice of appeal.

## BACKGROUND

This matter arises from plaintiffs' product liability suit alleging a defect in one of the components of defendant's pacemaker system. The Court granted defendant's motion for summary judgment on April 16, 2003. *See Webster v. Pacesetter,* Civ. No. 01–928, 2003 WL 1889246 (D.D.C. April 16, 2003).[3] On May 6, 2003, plaintiffs filed a motion for reconsideration. Plaintiffs conceded that the motion had not been filed within ten days of the April 16, 2003 Order, but they initially argued that the motion was timely because "the clerk of the Court had not filed an entry of judgment on a separate document, as required by Fed.R.Civ.P. 58," and, as a result, the ten-day period for filing a Rule 59(b) motion had not begun to run. (Memorandum in Support of Plaintiffs' Motion for Reconsideration ["Pl.'s Mem. I"] at 1 n. 1.) Later, plaintiffs acknowledged their error, blaming it on a law clerk's advice that there "were no [ ] cases" interpreting when entry of judgment has occurred.[4] (Memorandum in Support of Plaintiffs' Motion to

1. Although plaintiffs cite to D.C.App. Rule 4(a)(5), the Court assumes that the proper reference is to the Federal Rules of Appellate Procedure.

2. Consequently, defendant's motion to strike will be denied as moot.

3. As the parties agree, this Opinion and the accompanying Order were issued on April 16, 2003, even though the decision date published by Westlaw incorrectly indicates a date of March 16.

4. Rule 58(a)(1) provides, in pertinent part, that "[e]very judgment and amended judgment must be set forth on a separate docu-

ment" and that judgment is entered when "it is set forth on a separate document" and "entered in the civil docket under Rule 79(a)." Plaintiffs now recognize that in the D.C. Circuit, a separate written order that states that a motion for summary judgment is granted satisfies Rule 58, even if the order is not entitled "judgment." *See Kidd v. District of Columbia,* 206 F.3d 35 (D.C.Cir.2000). Plaintiffs also concede that the Court's April 16 Order satisfies these requirements and, consequently, that their Motion for Reconsideration was untimely.

Withdraw Their Motion for Reconsideration and to Obtain an Extension to File Their Notice of Appeal ["Pl.'s Mem. II"] at 4.) Plaintiffs also have admitted that the "extraordinary circumstances" needed for granting relief from judgment under Rule 60(b) do not exist here. (*Id.* at 5.) *See Anderson v. Chevron*, 190 F.R.D. 5 (D.D.C.1999). Realizing that there is no relief available under Rules 59 and 60, plaintiffs have moved to withdraw their Motion for Reconsideration and seek relief through the appeal process. As the thirty-day period for filing an appeal has lapsed, plaintiffs have requested an extension of time pursuant to Fed. R.App. P. 4(a)(5).[5]

## LEGAL ANALYSIS

The filing of a timely notice of appeal is mandatory and jurisdictional. *Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). "Filing a notice of appeal in compliance with the Federal Rules of Appellate Procedure is therefore of the 'utmost importance.'" *Reynolds v. Wagner*, 121 F.3d 716, 1997 WL 423012, at *1 (9th Cir.1997) (*quoting* 16A Charles A. Wright et al., *Federal Practice and Procedure* § 3950.1 (2d ed.1996)). Rule 4 clearly requires that parties file a notice of appeal within 30 days after judgment or the order appealed from is entered. Fed. R.App. P. 4(a)(1)(A). The same rule also grants district courts limited authority to extend the time for filing an appeal if the moving party shows either "excusable neglect" or "good cause" for failing to file a timely

notice of appeal and the request is made within thirty days after the initial period for filing has expired. Fed. R.App. P. 4(a)(5). Thus, the question before the Court is whether plaintiffs have demonstrated either "excusable neglect" or "good cause" to justify their request for an extension of time to file their appeal.

## I. Excusable Neglect

■ "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). However, the Supreme Court considers excusable neglect an "elastic concept" that encompasses "situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 394, 113 S.Ct. 1489. A determination of whether neglect is "excusable" is "at bottom an equitable one, taking account of all relevant circumstances." *Id.* at 395, 113 S.Ct. 1489. In *Pioneer*, the Supreme Court announced four factors to be considered in making this determination: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay and whether the delay was within the reasonable control of the moving party; and (4) whether the late party acted in good faith. *Id.* at 395, 113 S.Ct. 1489.

Despite the widespread recognition that *Pioneer* applies to Rule 4 motions,[6] the

---

5. While the parties do not argue otherwise, the Court notes that since plaintiffs' motion for reconsideration was not filed timely, it did not terminate the running of time in which to note an appeal. *See Yates v. Behrend*, 280 F.2d 64, 65 (D.C.Cir.1960) (timely motion under Rule 59 terminates the running of time for appeal).

6. Although *Pioneer* interpreted excusable neglect in the context of a bankruptcy rule, every circuit court that has considered the question has extended *Pioneer* to determinations of excusable neglect under Rule 4. *See Stutson v. United States*, 516 U.S. 193, 195, 116 S.Ct. 600, 133 L.Ed.2d 571 (1996) (listing cases in the First, Second, Fifth, Eighth, Ninth and Tenth Circuits); *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533

circuit courts applying *Pioneer* give great weight to the long-standing principle that a mistake of law generally cannot form the basis of excusable neglect. *See Advanced Estimating Sys., Inc.*, 130 F.3d at 999 ("The ancient legal maxim continues to apply: ignorance of fact may excuse; ignorance of law does not excuse."). Some have explicitly ruled "that a mistake of law does not constitute excusable neglect." *Reynolds*, 121 F.3d 716, 1997 WL 423012, at *1. *See also Advanced Estimating Sys.*, 130 F.3d at 998 ( "[A]n attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline."); *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 404 (8th Cir.2000) ("*Pioneer* did not alter the traditional rule that mistakes of law do not constitute excusable neglect."); *Deym*, 127 F.3d 1102, 1997 WL 650933, at *2 (listing cases). Others recognize that *Pioneer* allows some room for judgment in determining whether mistakes of law are excusable but that such a determination would be "rare" or "extraordinary" and would require some ambiguity in the law. *See United States v. Clark*, 51 F.3d 42, 44 (5th Cir.1995) (finding no "dramatic ambiguity" in the law that would mandate the "extraordinary determination" that a mistake of law is excusable neglect); *Midwest Employers Cas. Co., v. Williams*, 161 F.3d 877, 879–80 (5th Cir.1998) ("We continue to leave open the possibility that some misinterpretations of the federal rules could constitute excusable neglect" but holding that this is the "rare

case."). *Prizevoits*, 76 F.3d at 134 (" 'excusable neglect' as used in Rule 4(a)(5) refers to the missing of a deadline as a result of such things as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules.").

■ Under either interpretation, counsel's mistaken belief that this Court's April 16, 2003 Order in the underlying case did not constitute a Rule 58(a) entry of judgment does not amount to excusable neglect. This Circuit's ruling in *Kidd v. District of Columbia* clearly states that "a single document that disposes of all . . . claims can satisfy Rule 58 so long as it is sufficiently terse." 206 F.3d at 37. There is no ambiguity under *Kidd* that this Court's Order granting defendant's motion for summary judgment and dismissing plaintiffs' complaint satisfies the requirements of Rule 58 and *Kidd*. The Order was "sufficiently terse," *id.*, and, as required by Rule 58, it was set out in a single document "distinct from any opinion or memorandum." *See* Fed.R.Civ.P. 58, Advisory Committee's Note to the 1963 amendment. Finally, plaintiffs' excuse for their oversight is simply insufficient. They argue that their failure to file a timely appeal was due to inadequate research that resulted in a misinterpretation of the requirements for entry of judgment. Plaintiffs, however, are not proceeding *pro se* here; they have the benefit of experienced counsel. And, there is no ambiguity in the law. Accordingly, this Court concludes that this is not one of the rare or extraordinary occasions that justifies "deviating

(4th Cir.1996); *Deym v. von Fragstein*, 127 F.3d 1102, 1997 WL 650933, at *2 (6th Cir. 1997); *Candela Laser Corp. v. Cynosure, Inc.*, 43 F.3d 1485, 1994 WL 702194, at *1 (Fed. Cir.1994); *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir.1996); *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997 (11th Cir.1997). While not explicitly extending *Pioneer* to such determinations, this

Circuit has cited *Pioneer* in reviewing motions for extensions of time to file a notice of appeal. *See Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C.Cir.2001); *Hartman v. Powell*, No. 00–5356, 2001 WL 410461, at *1 (D.C.Cir. Mar. 15, 2001); *Thomas v. United States*, No. 94–5340, 1996 WL 103750, at *1 (D.C.Cir. Jan. 5, 1996).

from the general rule that a mistake of law does not constitute excusable neglect." *Reynolds,* 121 F.3d 716, 1997 WL 423012, at *3.

Plaintiffs rely heavily on *City of Chanute v. Williams Natural Gas Co.,* 31 F.3d 1041 (10th Cir.1994), to demonstrate that excusable neglect may exist where an untimely filing is due to "unawareness of a precedent." (*See* Pl.'s Reply at 8.) In *Chanute,* plaintiffs filed a notice of appeal identifying the appealing parties as "City of Chanute, Kansas, *et al.,*" rather than listing all of the appealing cities in the caption as required by Supreme Court precedent. The Tenth Circuit ruled that the delay in filing a properly captioned notice of appeal due to plaintiffs' error amounted to excusable neglect. *Chanute,* 31 F.3d at 1047. This case is unpersuasive for a number of reasons.

First, the trend among the circuits goes decidedly the other way. Two circuits have ruled that neglect is not excusable in cases, similar to *Chanute* and the instant matter, where counsel concede that their mistakes resulted from their failure to identify precedential case law unambiguously interpreting the applicable statutes. *See Ceridian Corp.,* 212 F.3d at 403, 405 (no excusable neglect justifying relief from judgment where counsel conceded that it "mistakenly overlooked" the relevant Minnesota law interpreting state garnishment statute, and as a result, failed to file a motion within the twenty-day statutory period); *Webb v. James,* 147 F.3d 617, 622 (7th Cir.1998) (no excusable neglect justifying relief from judgment where defense counsel was unaware that a Rule 68 offer of judgment was not inclusive of attorney's fees and costs because it failed to conduct any research before extending the offer and was unaware of clear Supreme Court guidance on issue). Moreover, the majority of circuits have rejected arguments that

mistakes or ignorance of plain law are excusable under Rule 4(a)(5) and have refused in such circumstances to grant an extension of time to file a notice of appeal. *Phillips v. Merchants Ins. Group,* 173 F.3d 845, 1999 WL 278526, at *2 (2d Cir. 1999) (*pro se* plaintiff's failure to file a timely appeal due to his misunderstanding of Rule 4(a) is not excusable neglect); *Clark,* 51 F.3d at 44 (failure to file timely notice of appeal due to defense counsel's application of the wrong time-computation rules is not excusable as there is no "dramatic ambiguity" in the rules); *Midwest Employers Cas. Co.,* 161 F.3d at 879 (misinterpretation of Rule 6(e) not excusable neglect, otherwise " 'almost every appellant's lawyer would plead his own inability to understand the law when he fails to comply with a deadline' ") (quoting *Halicki v. Louisiana Casino Cruises,* 151 F.3d 465, 470 (5th Cir.1998)); *Deym,* 127 F.3d 1102, 1997 WL 650933, at *3 (failure to recognize that the time to appeal runs from the entry of the final judgment is not excusable neglect); *Prizevoits,* 76 F.3d at 134 (counsel's belief that the running of time for appeal was tolled based on the mistaken assumption that the time to file a motion for new trial could be extended is "transparently inadequate" and does not constitute excusable neglect); *Reynolds,* 121 F.3d 716, 1997 WL 423012, at *2–3 (confusion about applicable standard required for Rule 4(a)(5) extension does not constitute excusable neglect sufficient to extend the time for filing a notice of appeal); *Candela,* 43 F.3d 1485, 1994 WL 702194, at *2 (erroneous belief that a cross-appeal was unnecessary does not constitute excusable neglect where further research revealed that a cross appeal would have been appropriate); *Advanced Estimating Sys.,* 130 F.3d at 999 (mistaken belief that post-trial motions were due ten days after receipt of *notice of* entry of judgment rather than ten days after entry

of judgment is not excusable neglect). Indeed, plaintiffs acknowledge that "not every neglect is 'excusable' under *Pioneer*." (Pl.'s Reply at 8.) They, however, make no effort to distinguish the many cases where the neglect is not excused from this case.

Second, while mindful of the Supreme Court's holding that fault on the part of a late filer does not extinguish a claim of excusable neglect, the *Pioneer* factors must be weighted appropriately. The Tenth Circuit in *Chanute* recognized that in applying the *Pioneer* factors, "fault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable." *Chanute*, 31 F.3d at 1046. Other circuits have noted that "the lack of prejudice to the appellee is of relatively little importance" in determining whether mistake of law is excusable with respect to a failure to file a timely notice of appeal. *Reynolds*, 121 F.3d 716, 1997 WL 423012, at *2. *See also Deym*, 127 F.3d 1102, 1997 WL 650933, at *3; *Prizevoits*, 76 F.3d at 134. As explained by the Seventh Circuit:

> There is unlikely ever to be harm in the Rule 4(a)(5) setting, because the neglectful appellant has only 30 days after the expiration of his time for appealing in which to request relief. The word "excusable" would be read out of the rule if inexcusable neglect were transmuted into excusable neglect by a mere absence of harm.

*Prizevoits*, 76 F.3d at 134. Here, counsel are clearly at fault for the delay. Given the circumstances of this case, the "fault in delay" factor substantially outweighs any argument that the other factors favor plaintiffs' position. *See Midwest Employers Cas. Co.*, 161 F.3d at 879–80 (mistake of law not excusable neglect even where nonmoving party would not suffer undue prejudice); *Reynolds*, 1997 WL 423012, at *2 (no excusable neglect even though no

prejudice to nonmoving party, no effect on judicial proceedings, and no indication of bad faith). Consequently, even an application of the *Pioneer* factors militates against a finding of excusable neglect.

## II. Good Cause

The good cause standard "adds a limited basis for granting an extension in those circumstances that are 'unsuited to traditional excusable neglect analysis.'" *Virella–Nieves v. Briggs & Stratton Corp.*, 53 F.3d 451, 453 (1st Cir.1995)(quoting *Pontarelli v. Stone*, 930 F.2d 104, 110 (1st Cir.1991)). The Advisory Committee Notes explain:

> The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.... If, for example, the Postal Service fails to deliver a notice of appeal, a movant might have good cause to seek a post-expiration extension. It may be unfair to make such a movant prove that its "neglect" was excusable, given that the movant may not have been neglectful at all.

Fed. R.App. P. 4, Advisory Committee Notes to 2002 Amendments to Subdivision (a)(5)(A)(ii). Plaintiffs make no argument about the untimely filing of their notice of appeal that could possibly satisfy the good cause standard. Instead, they simply argue that "the circumstances of this case support a finding of excusable neglect *and* good cause" because "[i]t would be unfair for the plaintiffs to be deprived of their substantive right to review on the merits due to an error in counsel's office." (Pl.'s Mem. II at 5 (emphasis added).) But this very argument has been rejected by the Supreme Court. *Pioneer*, 507 U.S. at 396, 113 S.Ct. 1489 (holding that clients must

be held accountable for the acts and omissions of their attorneys).

■ This is clearly a situation where there is fault, and it bears no resemblance to the example cited by the Advisory Committee. Nor is plaintiffs' failure to file a timely notice of appeal comparable to the only case cited by plaintiffs (Pl.'s Reply at 11), where a filing was late because the street number of the courthouse was omitted when the notice of appeal was mailed. *Scarpa v. Murphy*, 782 F.2d 300 (1st Cir. 1986). In *Scarpa*, the court found "good cause" because it attributed the fault for the delay to the post office—not to counsel's omission. *Id.* at 301 ("We cannot conceive of the Post Office's needing the street number to be aware of the location of the Courthouse."). Accordingly, the Court concludes that plaintiffs have not demonstrated "good cause" to justify an extension of time to file a notice of appeal.

### CONCLUSION

For the reasons discussed above, the Court concludes that plaintiffs have not shown either "excusable neglect" or "good cause" for failing to file a timely notice of appeal. They are, thus, not entitled to an extension under Rule 4(a)(5), and their motion is denied.

### *ORDER*

This matter is before the Court on Plaintiffs' Motion for Reconsideration of April 16, 2003 Order [90–1]; Pacesetter's Motion to Strike Plaintiffs' Motion for Reconsideration of April 16, 2003 Order [92–1], and Plaintiffs' Motion to Withdraw Their Motion for Reconsideration [93–1] and to Obtain an Extension to File Their Notice of Appeal [93–2]. Based on the pleadings, the entire record and relevant case law, it is hereby

**ORDERED** that plaintiffs' motion for reconsideration is **WITHDRAWN**; it is

**FURTHER ORDERED** that Pacesetter's motion to strike is **DISMISSED AS MOOT**; it is

**FURTHER ORDERED** that plaintiffs' motion to withdraw is **GRANTED**; and it is

**FURTHER ORDERED** that plaintiffs' motion to obtain an extension is **DENIED**.

**SO ORDERED**.