Bobby A. FRAZIER, Plaintiff,

v.

UNIVERSITY OF the DISTRICT OF COLUMBIA et al., Defendants.

Civ. A. No. 90–1062–GHR.

United States District Court,
District of Columbia.

Aug. 13, 1990.

Winfred R. Mundle, Washington, D.C., for plaintiff.

John W. Garland, Gen. Counsel, University of the District of Columbia, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

REVERCOMB, District Judge.

This action arises out of the termination of plaintiff, as Head Football Coach, from defendant University of the District of Columbia ("UDC"), by and through its president defendant Cortada ("Cortada"). Plaintiff has sued defendants alleging wrongful discharge, breach of contract, and a civil rights violation for failure to provide plaintiff with a pretermination hearing.

According to the allegations of the complaint, plaintiff has been employed as a full time employee in various positions for UDC since 1983. Four months prior to plaintiff's discharge, he had been advised by his supervisors that he was doing an excellent job and could expect continued employment. On February 15, 1990, Cortada terminated, without proffer of any reason, the employment of plaintiff as Head Football Coach. On Saturday, February 17, 1990, Cortada allegedly promised plaintiff that he would "reassign" him to another position. Plaintiff contends that he relied upon said promise. At bar is defendants' Motion to Dismiss for failure to state a claim for which relief can be granted Fed.R.Civ.P. 12(b)(6).

It is clear from the allegations that plaintiff was an at-will employee. Plaintiff never alleges that he was employed by defendant for a definite period of time.[1] "In the absence of an employment contract for a fixed period, an employee may be terminated at will by the employer for any

reason or indeed, for no reason at all ..." *Ivy v. Army Times Publishing Company*, 428 A.2d 831 (D.C.App.1981) (en banc); see also *Hall v. Ford*, 856 F.2d 255, 267 (D.C. Cir.1988). "An employment contract is terminable at will unless it is for a specified term." *Newman v. Legal Services Corporation*, 628 F.Supp. 535, 538 (D.D.C.1986). Case law is definite on this point and the standard remains firm. Because plaintiff makes no allegation that his employment contract was for a definite period of time, he was an employee at-will and, as such, could be discharged at any time. Count one must be dismissed as the District of Columbia does not recognize wrongful discharge for an at-will employee. See *Downey v. Firestone Tire & Rubber Co.*, 630 F.Supp. 676, 681 (D.D.C.1986); *Parker v. National Corporation for Housing Partnerships*, 619 F.Supp. 1061, 1068 (D.D.C. 1985); *Weaver v. Gross*, 605 F.Supp. 210, 216 (D.D.C.1985).

Count three of the complaint is based on the claim that plaintiff was discharged without a pretermination hearing. Pretermination hearings are required only for those jobs which have a property interest—those jobs which are for a definite period of time. *Lyons v. Barrett*, 851 F.2d 406, 410 (D.C.Cir.1988). "[Government employees] who are terminable at will have no property interest [in their job] because there is no objective basis for believing that they will continue to be employed indefinitely." *Hall v. Ford*, 856 F.2d 255, 265 (D.C.Cir.1988). Since plaintiff was an at-will employee, he had no property interest in his job and no right to a pretermination hearing. On this basis, count three of the complaint must be dismissed.

Plaintiff bases his breach of contract claim (count two) on the conversation he had with Cortada on February 17, 1990, during which Cortada allegedly promised that he would "reassign" plaintiff to another position. Plaintiff also alleges that he

---

1. Defendant has submitted a written document which is purportedly the contract at issue. It specifically is an at-will contract, giving defendant UDC the right to "terminate this contract with or without cause by giving written notice ..." Plaintiff challenges the legal efficacy of this contract. The Court need not decide this issue since the complaint can be dismissed on the basis of its allegations alone.

**30**

was terminated from employment two days before this conversation. Taking these allegations to be true, plaintiff was not a university employee at the time the reassignment promise was made. Lacking such status, plaintiff cannot state a cause of action for his failure to be reassigned; count two, therefore, must be dismissed. 1988 D.C. Mun.Regs. tit. 8, sec. 1117 (The president of UDC is authorized to "reassign" only university *employees*).

■  Even if the February 17, 1990 conversation were interpreted as an instance of rehiring and reassignment, there can be no breach of contract since plaintiff could not be hired by Cortada's statement alone. "Federal officials who by act or word generate expectations in the persons they employ, and then disappoint them, do not *ipso facto* create a contract liability running from the Federal Government to the employee, as they might if the employer were not the government." *Shaw v. United States*, 226 Ct.Cl. 240, 640 F.2d 1254, 1260 (1981).

For the reasons set forth above, it is hereby ORDERED that defendants' motion to dismiss be, and the same hereby is, GRANTED; and it is further ORDERED that the plaintiff's complaint be, and the same hereby is, DISMISSED.