Patricia L. BAADE, Plaintiff,

v.

G. Wesley PRICE, M.D.,
et al., Defendants.

Civ. A. No. 95–CV–1715(RMU).

United States District Court,
District of Columbia.

July 2, 1997.

Patricia L. Baade, Charlottesville, VA, pro se.

Walter J. Murphy, Jr., Robert Wade Goodson, Carr, Goodson, Lee & Warner, Washington, DC, for G. Wesley Price, M.D.

Vicki Jean Hunt, III, Montedonico, Hamilton & Altman, P.C., Washington, DC, for The George Washington University Medical Center.

## OMNIBUS MEMORANDUM ORDER DISPOSING OF SELECTED PENDING MOTIONS

URBINA, District Judge.

■ *Pro se* plaintiff Patricia L. Baade brings this action against defendant G. Wesley Price, M.D., and defendant George Washington University Medical Center ("GWU").[1] This matter comes before the court on Defendant GWU's Motion to Quash Service of Process, Defendant GWU's Motion to Set Aside Clerk's Entry of Default, Plaintiff's Motion for Default Judgment, and Plaintiff's Unopposed Motion to Accept Plaintiff's Opposition to Defendant GWU's Motion to Quash Process of Service as Timely Filed. Upon consideration of the relevant law and the entire record herein, the court grants Defendant GWU's Motion to Quash Service of Process, grants Defendant GWU's Motion to Set Aside Clerk's Entry of Default, denies Plaintiff's Motion for Default Judgment as moot, and grants Plaintiff's Unopposed Motion to Accept Plaintiff's Opposition to Defendant GWU's Motion to Quash Process of Service as Timely Filed.

### I. BACKGROUND

Plaintiff's complaint contains five counts of negligence alleging that defendants were negligent in treating and performing surgery on her body. Count I alleges that defendant Price negligently performed breast reconstruction surgery after he performed a bilateral radical mastectomy on her; Count II alleges that defendant GWU negligently failed to refer her to a proper general surgeon; Count III alleges defendant Price failed to obtain her consent prior to performing nipple-areola reconstruction surgery on her; Count IV alleges that defendant GWU negligently allowed unqualified medical personnel to treat and perform surgery on her; and Count V alleges that defendant Price and an unnamed defendant attempted to cover up their negligence by performing breast reconstruction surgery on her.

Defendant Price filed an answer denying all of plaintiff's allegations. However, defendant GWU filed a motion to quash service of process arguing that service was improper. Plaintiff asserts that the service of process was proper and in compliance with Rule 4 of the Federal Rules of Civil Procedure.

### II. DISCUSSION

#### A. Defendant GWU's Motion to Quash Service of Process

■ Plaintiff's service of process must be quashed for failure to properly serve defendant GWU. The record reveals that plaintiff filed this action on September 8, 1995. The United States Marshal was responsible for serving the defendants in this case because plaintiff brings this action *pro se* and *in forma pauperis*. The Return of Service as to defendant GWU indicates that a summons and a complaint were left with a receptionist at 5500 Friendship Blvd., # 130, on October 31, 1995. Defendant GWU asserts that the address is in Chevy Chase, Maryland, and it belongs to defendant G. Wesley Price. Defendant GWU thus contends that service of process was defective. Plaintiff, however, argues that service of process complied with Rule 4(h) of the Federal Rules of Civil Procedure.[2]

Rule 4(h) of the Federal Rules of Civil Procedure provides guidance on how to effectuate service of process on a domestic corporation.[3] The touchstone of the Rule 4(h)

---

1. Defendant GWU contends that "George Washington University Hospital" is not a legal entity and thus cannot be sued. Defendant GWU does not cite to any case law or other applicable authority to support this contention. Apparently, defendant GWU bases this argument on the fact that plaintiff incorrectly identifies defendant GWU as "George Washington University Hospital" rather than its proper name, "George Washington University Medical Center." The court finds defendant GWU's argument unpersuasive. The court notes that a *pro se* complaint, as in this case, should be liberally construed in the light most favorable to the *pro se* plaintiff. *See Pryor-El v. Kelly,* 892 F.Supp. 261, 266 (D.D.C.1995). Therefore, the court concludes that, for all intents and purposes, plaintiff correctly identifies defendant GWU as a party to this cause of action.

2. Plaintiff's Opposition to Defendant Hospital's Motion to Quash Service of Process ("Pl.Opp.") at 1.

3. Rule (4)(h) states in relevant part, "[u]nless otherwise provided by federal law, service upon a domestic or foreign corporation ... shall be

analysis is to ascertain whether the person who actually received a summons and a complaint can be deemed "an officer, a managing or general agent, or . . . any other authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service," so as to effectuate service on the corporation. Fed. R.Civ.P. 4(h). The general rule with regard to a domestic corporation is that the person upon which a summons and a complaint are served must have some measure of discretion in operating some phase of the defendant's business or in the management of a given office. Practice Commentaries to Rule 4 of the Federal Rules of Civil Procedure at C4–26 (Supp.1996) ("Practice Comm."), *see also Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 567 (3rd Cir.1996). The recipient must also have at least such status that common sense would expect the recipient to see that the summons promptly gets into the hands of the appropriate personnel. Practice Comm. at C4–26. Further, the recipient must be working for the defendant at the time of service. Practice Comm. at C4–26.

In this case, the record demonstrates that the receptionist is not an agent authorized, either by law or by defendant GWU, to receive service of process on behalf of defendant GWU. A signed affidavit of Ms. Vickie Hunt, counsel for defendant, attests that secretaries working for defendant GWU do not fall into any of the personnel categories listed in Rule 4(h) and that they do not have the authority to accept service of process on its behalf. Plaintiff does not dispute this fact. Furthermore, there is no indication that the receptionist who accepted the summons and complaint had any discretion in the operation of defendant GWU's business. The record does not show that the receptionist had the obligation to deliver the summons promptly to defendant GWU's appropriate personnel. Moreover, the receptionist is not employed by defendant GWU. In fact, this receptionist is employed by defendant Price.

▉ Plaintiff, however, argues that service should not be quashed because defendant GWU has notice of plaintiff's suit. Specifically, plaintiff claims that "[i]t is not plausible that [defendant] Price's attorney failed to confer with [defendant GWU] after receiving service." Pl. Opp. at 2.[4] The court disagrees and concludes that service of process must be quashed because plaintiff failed to serve defendant GWU pursuant to Rule 4(h) of the Federal Rules of Civil Procedure. The law is clear and mandates that there be strict compliance to Rule 4(h) and it is irrelevant whether or not defendant GWU had actual notice of the lawsuit. *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir.1996).

### B. Defendant GWU's Motion to Set Aside Clerk's Entry of Default

▉ Plaintiff filed an Affidavit in Support of Default against defendant GWU claiming that defendant GWU failed to make any appearance in the case. On that same day, the Clerk of the Court for the United States District Court for the District of Columbia entered default against defendant GWU. Plaintiff also filed a Motion for Default Judgment. Currently before the court is defendant GWU's motion to set aside the Clerk's entry of default pursuant to Rule 55(c).

▉ Rule 55(c) of the Federal Rules of Civil Procedure allows a court to set aside an entry of default if good cause is established. Fed.R.Civ.P. 55(c). The decision whether or not to set aside an entry of default is vested in the sound discretion of the court. Since there is a strong policy favoring the adjudication of a case on its merits, the court's decision whether or not to set aside an entry of default is reviewed for abuse of discretion. *Jackson v. Beech, et al.*, 636 F.2d 831, 835 (D.C.Cir.1980). The United States Court of Appeals for the District of Columbia Circuit held that a district court must consider three criteria when considering whether or not to set aside the default: (1) whether defendant's

---

effected . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute

to receive service . . . by also mailing a copy to the defendant." Fed.R.Civ.P. 4(h).

**4.** The court notes that plaintiff fails to cite to any authority to support proposition.

default was willful; (2) whether setting aside the default would prejudice plaintiff; and (3) whether defendant has asserted a meritorious defense. *Jackson,* 636 F.2d at 836. The D.C. Circuit also advises that when balancing these three factors the court must construe all ambiguous and disputed facts in the light most favorable to the moving party. *Id.* at 838. Upon considering these three criteria, the court concludes that the default should be vacated.

First, defendant GWU's default was not willful. Defendant GWU argues that it has not been properly served by plaintiff and that its Motion to Quash Service of Process was pending before the court when the Clerk entered default against defendant GWU.[5] Contrary to plaintiff's allegation that defendant GWU willfully ignored plaintiff's complaint, defendant GWU, in fact, has been attentive throughout the proceeding. Defendant GWU promptly filed a motion to quash service of process once it became cognizant of plaintiff's complaint, and also filed a motion to set aside the default once it discovered that default had been entered against it. Therefore, taking all relevant factors into consideration, the court concludes that defendant GWU's default was not willful.

Second, the court finds that vacating this default will not prejudice plaintiff's case against defendant GWU. The current litigation is still in its early stages. The parties have not engaged in discovery and dispositive motions have not been filed. As such, plaintiff's action will not be harmed if the court sets aside the default. Moreover, plaintiff's opposition fails to argue that she will be prejudiced by a set-aside at this stage of the case.

Finally, the court considers whether defendant GWU has filed a meritorious defense in response to plaintiff's complaint. Instead of attaching a verified answer to its motion to set aside an entry of default as required by Local Rule 108(g),[6] defendant GWU requested the court to waive the filing of an answer

until service of process has been perfected. Specifically, defendant states that once it is properly served it will set forth affirmative defenses to plaintiff's complaint. Since there is a strong policy favoring resolution of the parties' disputes on their merits, the court finds that justice requires the court grant defendant GWU's request and vacates the default. *See Jackson,* 636 F.2d at 835–36.

Accordingly, the court concludes that the Clerk's entry of default against defendant GWU should be vacated. Since the court is vacating the default, plaintiff's Motion for Default Judgment is denied as moot.

### III. CONCLUSION

For the reasons stated above, it is this 2 day of July, 1997,

**ORDERED** that defendant GWU's Motion to Quash Service of Process be and is hereby **GRANTED**; it is

**FURTHER ORDERED** that defendant GWU's Motion to Set Aside Clerk's Entry of Default be and is hereby **GRANTED**; it is

**ORDERED** that plaintiff's Motion for Default Judgment be and is hereby **DENIED** as moot, it is

**FURTHER ORDERED** that defendant GWU's request not to file a verified answer as required by Local Rule 108(g) be and is hereby **GRANTED**; it is

**ORDERED** that plaintiff's Unopposed Motion to Accept Plaintiff's Opposition to Defendant's Motion to Quash Service of Process as Timely Filed be and is hereby **GRANTED** *nunc pro tunc;* it is

**FURTHER ORDERED** that plaintiff shall have until and including **July 21, 1997,** to serve defendant GWU pursuant to Rule 4(h) of the Federal Rules of Civil Procedure; and it is

**ORDERED** that plaintiff provide the court with evidence of service of process or an explanation why service of process has not been completed by **July 28, 1997.** Should

---

5. Defendant GWU's Memorandum of Points and Authorities in Support of Motion to Set Aside Clerk's Entry of Default ("Mt. to Set Aside") at 1.

6. Local Rule 108(g) provides that "[a] motion to vacate an entry of default, or a judgment by default, or both, shall be accompanied by a verified answer presenting a defense sufficient to bar the claim in whole or in part."

plaintiff fail to provide the court with evidence of service of process or an explanation why service of process has not been completed the court shall dismiss the above-captioned case against defendant GWU without prejudice for failure of service of process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**SO ORDERED.**