**Aaron C. JAMES, Sr., Plaintiff,**

v.

**BOOZ–ALLEN & HAMILTON, INC., Defendant.**

**Civ.A. No. 00–2509 (RMU).**

United States District Court, District of Columbia.

Feb. 12, 2002.

Barbara Bethune Hutchinson, New Carrollton, MD, for plaintiff.

Aaron C. James, Sr., Mitchellville, MD, pro se.

Rosemary M. Collyer, Terence Francis Flynn, Crowell & Moring, L.L.P., Washington, DC, for defendant.

## MEMORANDUM OPINION

GRANTING THE DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS; DENYING ENTRY OF DEFAULT JUDGMENT; GRANTING THE NON-PARTY'S MOTION TO QUASH THE SUBPOENA DUCES TECUM

URBINA, District Judge.

### I. INTRODUCTION

This case arises from a complaint filed by Aaron James ("the plaintiff") alleging that his employer, Booz–Allen & Hamilton, Inc. ("the defendant"), discriminated against him on the basis of his race. This court issued an order directing the defendant to show cause as to why default judgment should not be entered in light of the defendant's failure to answer the allegations in the complaint. In response, the defendant filed a motion challenging the plaintiff's service of process. In addition, the Prince George's County Human Relations Commission ("PGHRC"), a non-party to this lawsuit, has filed a motion seeking to quash a subpoena *duces tecum* issued by the plaintiff requesting that PGHRC produce specific documents. After consideration of the parties' submissions and the relevant law, the court decides not to direct entry of default judgment in the case. Furthermore, the court grants the defendant's motion to quash service and grant PGHRC's motion to quash the subpoena.

### II. BACKGROUND

#### A. Factual Background

By way of background, on March 26, 1999, the plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") and with PGHRC, alleging unlawful employment discrimination by the defendant on account of the plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq. See* Compl. at 1. Pursuant to a workshare agreement, PGHRC conducted an initial investigation of the plaintiff's complaint and, on May 18, 2000, found that there was insufficient evidence to support the plaintiff's allegations of discrimination. *See* PGHRC Letter of Determination at 8. On July 21, 2000, EEOC adopted the findings of PGHRC and provided the plaintiff with a "right to sue" letter, informing him that he had 90 days from receipt of the letter to file a suit in federal or state court relating to his allegations of discrimination. *See* EEOC Dismissal and Notice of Rights, dated July 21, 2000.

#### B. Procedural Background

On October 19, 2000, the plaintiff filed the complaint with this court as a *pro se* litigant. The clerk's office informed the court that the plaintiff had failed to serve the defendant with a copy of the complaint and that the plaintiff had failed to provide a copy of a "right to sue" letter issued by the subject county commission. In response to these defects, this court issued an order on January 16, 2001 directing the plaintiff to satisfy these requirements. *See* Order dated January 16, 2001. On February 6, 2001, the plaintiff responded with the appropriate filing and also indicated that he had retained counsel to represent him in the matter. *See* Pl.'s Notice of Filing, dated February 6, 2001. On March 9, 2001, the clerk's office received a return of service indicating that the plaintiff served the defendant with a summons and the complaint on February 12, 2001. Noting that the deadline for a timely response to the complaint had expired, the court issued an order on May 21, 2001 directing the defendant to show cause ("show cause order") as to why no response had been filed and why the court should not proceed to enter default judgment in the case. *See* Show Cause Order. The defendant filed a response to the court's show cause order on June 7, 2001, challenging the plaintiff's ser-

vice of process and arguing that default judgment was not appropriate. *See* Def.'s Resp. to Show Cause Order ("Def.'s Resp.") at 4. The defendant filed a submission styled as a "Reply to Plaintiff's Response to Booz Allen's Response to Order to Show Cause" on July 3, 2001, in which the defendant moves the court to dismiss the complaint for deficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) or, in the alternative, to quash service. *See* Def.'s Resp. at 8.

Concurrent with the dispute relating to service of process, on June 1, 2001, the plaintiff issued a subpoena *duces tecum* to PGHRC requesting production of copies of the discrimination complaint file, including any and all documents filed by the defendant. *See* PGHRC's Mot. to Quash, Attach. A. PGHRC filed a motion to quash the subpoena on June 21, 2001. The defendant's motion to dismiss or quash service along with PGHRC's motion to quash the subpoena are now ripe for resolution. For the reasons that follow, the court denies entry of default judgment, grants the defendant's motion to quash the plaintiff's service of process, and grants PGHRC's motion to quash the subpoena *duces tecum*.

## III. ANALYSIS

### A. The Defendant's Motion to Dismiss the Complaint or Quash Service of Process

#### 1. Legal Standard for a Motion to Dismiss Based on Insufficient Service of Process

Federal Rule of Civil Procedure 12(b)(5) provides, in part, that "[e]very defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (5) insufficiency of service of process ...." FED. R. CIV. P. 12(b)(5).

■ Service of process on a corporation must be made in accordance with Federal Rule of Civil Procedure 4(h), which authorizes service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process ...." FED. R. CIV. P. 4(h)(1). Rule 4(h) also allows service in accordance with the statutes authorizing service on corporations of either the state where process is served, or the state where the subject district court is located. *See id.* The federal rules require service of process on a corporation to be in accordance with the state statutes authorizing service of process on a corporation, not the statutes authorizing service on an individual. *See Salon Group, Inc. v. Salberg,* 156 F.Supp.2d 872, 877 (N.D.Ill.2001) (applying state laws for service of process on a corporation); *Link Group Int'l, L.L.P. v. Toymax Ltd.,* 127 F.Supp.2d 280, 283–84 (D.Conn.2000) (same); *China Mariners' Assurance Corp. v. M.T. W.M. Vacy Ash,* 1999 WL 126921 at *3 (S.D.N.Y. 1999) (same).

#### 2. The Court Quashes the Plaintiff's Service of Process on the Defendant

■ Because the defendant is a corporation, the federal rules require service of process on the defendant to conform to the relevant state and federal statutes authorizing service of process on a corporation. *See Salon Group, Inc.,* 156 F.Supp.2d at 877–78. Along this line of reasoning, the plaintiff's service of process is proper if it was effected in accordance with either Federal Rule of Civil Procedure 4(h), the service of process statutes of the District of Columbia, or those of the Commonwealth of Virginia, where the plaintiff attempted to serve the defendant. *See id.;* FED. R. CIV. P. 4(h). Virginia authorizes service by "personal service on any officer, director, or registered agent." Va. Code. Ann. § 8.01–299 (Michie 2000). In turn, the District of Columbia authorizes service by delivery of "a copy of the summons, complaint and initial order to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service." D.C. R. Civ. P. 4(e)(1) (West 2001).

In support of his position, the plaintiff presents the affidavit of a process server which states that the affiant went to the

defendant's McLean, Virginia office, where he served a copy of the summons on an individual. That reported individual claimed that he worked in the defendant's law department and was authorized to accept service of process for the defendant. *See* Pl.'s Resp. to Def.'s Resp. Attach. A.

The Federal Rules of Civil Procedure require service of a copy of both the summons *and* the complaint. *See* FED. R. CIV. P. 4(h). The court is unwilling to construe "summons" to mean "summons and complaint." *See id.* Therefore, the court must view the plaintiff's conclusory claim of having effected proper service as unsupported by the process server's affidavit. *See* Pl.'s Resp. at 4. Additionally, the court notes that nowhere in the plaintiff's pleadings does he assert that the defendant was served with a copy of the complaint. In this situation, while it would normally be appropriate to move the court to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(4), in the interest of judicial efficiency, the court will not hold the defendant to this technicality, especially since the substance of the defendant's argument for dismissal is made in the defendant's 12(b)(5) motion. *See* Def.'s Rep. to Pl's. Resp. at 11.

Further, this court entertains serious doubts as to whether service was properly effected in this case. A comparison of the affidavits reveals several inconsistencies. First, the physical description of the office where the process server attempted to serve the defendant does not resemble the description of the defendant's McLean, Virginia office as averred in the defendant's affidavits. *See* Pl.'s Resp. to Def.'s Resp. Attach. A; Def.'s Rep. Attach 2. Second, the name given by the individual who received the summons does not match the name of any of the defendant's employees assigned to the McLean, Virginia office. *See id.* Third, the physical description of the individual who received the summons does not match the description of anyone employed in the defendant's law department. *See id.* Finally, the physical description of the receptionist, with whom the process server spoke, is not an accurate description of the receptionist who was working that day. *See* Pl.'s Resp. to Def's Resp.

Attach. A; Def.'s Resp. to Pl.'s Resp. Attach. 2. Faced with these conflicting affidavits, and mindful that the burden of proof in establishing proper service of process rests with the plaintiff, *see Light v. Wolf,* 816 F.2d 746, 751 (D.C.Cir.1987), this court can only conclude that the plaintiff has not satisfied its burden to show properly effected service of process.

Although this court has broad discretion to dismiss a complaint when the plaintiff has failed to properly effect service, dismissal is not appropriate when a reasonable prospect that proper service can be obtained exists. *See Novak v. World Bank,* 703 F.2d 1305, 1310 (D.C.Cir.1983) (reversing the district court's dismissal of a complaint when it was likely that service could be obtained). Here, there is no reason to believe that the plaintiff will be unable to serve the defendant with a copy of the summons and complaint, if service were to be attempted again. Therefore, this court will not dismiss the case, but will instead quash the plaintiff's service of process on the defendant. The plaintiff shall have 30 days from the date of this Memorandum Opinion and the supplemental order to effect proper service of process on the defendant.

### B. Default Judgment

#### 1. Legal Standard for Entry of Default Judgment

In determining whether default judgment is appropriate, the D.C. Circuit has announced three criteria: (1) whether the defendant's lack of response was willful; (2) whether not entering default would prejudice the plaintiff, and; (3) whether the defendant will likely assert a meritorious defense. *See Jackson v. Beech,* 636 F.2d 831, 836 (D.C.Cir. 1980).

#### 2. Entry of Default Judgment is Not Warranted

In the instant case, given the plaintiff's failure to properly serve the defendant, the defendant's failure to answer could not be construed as willful. The plaintiff has made no specific claim that he would suffer prejudice from this court not entering default judgment. Finally, PGHRC's finding that there was insufficient evidence of discrimination on the part of the defendant gives rise to

the distinct possibility that the defendant will be able to assert a meritorious defense in this case. *See* PGHRC Letter of Determination at 8. Construing all disputed facts in the light most favorable to the defendant, as the court must do in making this determination, *see Baade v. Price*, 175 F.R.D. 403, 406 (D.D.C.1997), the court concludes that entry of default is not warranted in this case. *See Jackson*, 636 F.2d at 836.

### C. The Non–Party's Motion to Quash the Subpeona

The court now turns to PGHRC's motion to quash the subpoena compelling PGHRC to produce its records of the subject investigation.

#### 1. Legal Standard for a Motion to Quash a Subpoena

Federal Rule of Civil Procedure 45(a)(2) states, "[i]f separate from a subpoena commanding the attendance of a person, a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made." FED. R. CIV. P. 45(a)(2).

#### 2. The Court Grants the Non–Party's Motion to Quash the Subpoena

 Here, the subpoena was issued from this court and compels PGHRC to produce documents for inspection in New Carrollton, Maryland. Because the place of production and inspection in this case is outside of the judicial district of this court, the subpoena is improper and is therefore quashed. *See Echostar Communications Corp. v. News Corp.*, 180 F.R.D. 391, 397 (D.Colo.1998) (quashing subpoenas that were not issued from the proper district court).

## IV. CONCLUSION

For all of the foregoing reasons,· the court grants the defendant's motion to quash service of process, denies entry of default judgment, and grants PGHRC's motion to quash the subpoena. An order consistent with this Memorandum Opinion is separately and con-temporaneously issued this 11th day of February 2002.